IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                       CR. NO. S-09-023 GGH

   vs.                                ORDER

JORDAN CRITTLE,

        Defendant.

_____/

        Defendant, in the above dismissed matter, has moved for a return of property that was seized in the criminal matter, to wit, a pill bottle and pipe. The government opposes the return of property based on its belief that the two pieces of property contain marijuana residue, and hence are contraband. The government implicitly concedes that the mere possession of paraphernalia does not violate state or federal law, at least with respect to the devices at issue here. See People v. Johnny O, 107 Cal. App. 4th 888, 132 Cal. Rptr. 2d 471 (2003); Cardenas Uriarte v. INS, 227 F.3d 1132, 1137 (9th Cir. 2000).

\\\\\

\\\\\

\\\\\

\\\\\

1

The property shall be returned. The government may remove any contraband residue, presumably by non-destructive washing, prior to return of the items.[1]

DATED: 02/26/2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Motions for return of property are encompassed by Fed. R. Crim. P. 41(g). Although the issue of magistrate judge jurisdiction in post-action misdemeanor matters is murky, the defendant consented to the jurisdiction of the undersigned in the criminal action. However, the undersigned believes he has jurisdiction. The law cannot be so obtuse as to allow the magistrate judge to order seizure of contraband pre-action via a warrant, to allow the magistrate judge to suppress (and return), or deny suppression of, property during the misdemeanor criminal action, but somehow hobble the magistrate judge from adjudicating a return of property dispute after the misdemeanor criminal action itself has terminated. See generally, Matter of Search of 4330 North 35th St. Etc, 142 F.R.D. 161 (E.D. Wis. 1992).